# United States District Court
# Northern District of Indiana

| | | |
|---|---|---|
| CHARMAINE PAGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:15-CV-271 JVB |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on the motion of Defendant, the acting Commissioner of Social Security, to dismiss pro se Plaintiff Charmaine Page's complaint for judicial review of the denial of her claim to have her disability benefits reinstated (DE 10). For the following reasons, the motion is **GRANTED**.

**A.    Facts**

On September 23, 2015, Plaintiff filed her complaint against the Commissioner, alleging that the Social Security Administration Appeals Council had denied her application for benefits on August 17, 2015. She attached as an exhibit to her complaint a letter bearing the heading "Notice of Appeals Council Action" dated March 27, 2015. The Notice informed Plaintiff that the Appeals Council had denied her request for review of the administrative law judge's decision and advised her that if she disagreed with the action she could file a civil action. She was further told she had sixty days after receipt of the letter to file a civil action asking for court review of the decision, and that it would be assumed she received the letter five days after it was mailed.

Instead of filing a civil action, Plaintiff, by a letter dated April 21, 2015, (also attached as an exhibit to her complaint) asked the Appeals Council to reopen her case. An administrative appeals judge responded in a letter dated August 17, 2015, informing her that the Appeals Council found no reason to reopen its March 27, 2015, decision. When Plaintiff filed her civil action for review of the denial of her claim for benefits on September 23, 2015, 175 days had elapsed since the date she was assumed to have received the Appeals Council decision.

In her motion to dismiss, the Commissioner argues that, under § 205(g) of the Social Security Act, 42 U.S.C. § 405(g), and applicable regulations, a Social Security claimant must file a civil action in federal court within sixty-five days after the date of the notice of the final decision of the Commissioner of Social Security, meaning that Plaintiff should have filed her civil action by June 1, 2015.[1] According to the Commissioner, because her civil action was untimely, it must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. In support of her motion, the Commissioner has submitted the declaration of Nancy Chung, a Social Security Administration employee.

**B.     Applicable Law**

Section 205(g) of the Social Security Act provides:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced withing sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

Social Security regulations provide that the right to judicial review begins when the

---

[1]The sixty-fifth day fell on Sunday, May 31, 2015, so that the period was extended to the next weekday, June 1, pursuant to Federal Rule of Civil Procedure 6(a)(1)(C).

2

Appeals Council denies a claimant's request for review and state that a civil action is to be instituted within sixty days after the Appeals Council's notice of the denial. 20 C.F.R. § 422.210. The sixty-day requirement is not jurisdictional, but rather is a statute of limitations, *Bowen v. City of N. Y.*, 476 U.S. 467, 478 (1986), which, under Federal Rule of Civil Procedure 9(c), is an affirmative defense.

Ordinarily, a Rule 12(b)(6) motion cannot be used to raise an affirmative defense. *Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004). However, when a plaintiff's complaint admits all the ingredients of an impenetrable defense, a complaint that otherwise states a claim may be dismissed under Rule 12(b)(6). *Id.* Moreover, under Rule 10(c), a writing that is attached to a complaint is a part of the complaint for all purposes.

Another possible obstacle to relief under Rule 12(b)(6) is that, under Rule 12(d), if matters outside the pleadings are presented to and not excluded by the court, a Rule 12(b)(6) motion must be treated as a motion for summary judgment and all parties must be given a reasonable opportunity to present all pertinent matter.

**C.    Discussion**

Dismissal under Rule 12(b)(6) is appropriate in this case because, as previously noted, Plaintiff attached a copy of the Appeals Council's decision denying her request for review of the administrative law judge's decision as an exhibit to her complaint, plainly showing that the decision was mailed March 27, 2015, and putting the filing of her civil action well beyond the sixty-five day limit established by the applicable law and regulations. Accordingly, the Court can exclude the Chung declaration and will not treat the Commissioner's motion as a motion for

summary judgment. Plaintiff's own complaint shows that the Commissioner has a valid statute of limitations defense.

In her response to the Commissioner's motion, Plaintiff insists that the final decision of the Commissioner was the letter dated August 17, 2015, informing her that the Appeals Council would not reopen its March 27, 2015, decision. That letter does not purport to be a decision denying Plaintiff's request for review of the administrative law judge's decision. Further, Plaintiff points to no statute, regulation, or case law that supports the proposition that a claimant can extend the limitation period by requesting reopening of the Commissioner's decision denying review of the administrative law judge's decision. Because her complaint shows that it was filed outside the statute of limitations, it must be dismissed.

**D.  Conclusion**

For the foregoing reasons, the Commissioner's motion to dismiss (DE 10) is **GRANTED**.

SO ORDERED on March 1, 2016.

s/ Joseph S. Van Bokkelen
Joseph S. Van Bokkelen
United States District Judge
Hammond Division